H. C. Lumpkin and R. H. Rives et al., *Appellants*, v.
Brown Realty and Abstract Company et al., *Appellees*.

Opinion filed December 4, 1928.

*Cone & Chapman,* for Appellants;

*J. B. Hodges,* for Appellees.

Koonce, Circuit Judge:

The Brown Realty and Abstract Company, a corporation, appellee, as complainant in the circuit court, filed its bill of complaint to foreclose a mortgage given by appellants, H. C. Lumpkin and R. H. Rives, as co-partners, doing business under the firm name and style of Lumpkin Lumber Company. There were other named as parties defendants, it being alleged that such others held some claim or interests in the mortgaged property but that such interest or claim was inferior to the claim of the complainant. The mortgage covered all the timber of a certain size situated upon the land described in the mortgage.

To the bill of complaint the defendants filed a general

answer in which practically every material allegation of the bill was *seriatim* and specifically denied. Incorporated in such answer were paragraphs designated as A-1, A-2, A-3, A-4, A-5, A-6, A-7 and A-8. By these paragraphs the defendants, Lumpkin Lumber Company, attempted to plead a counter-claim or set-off against the mortgage sought to be foreclosed. This claim was set out in detail and at length, but it may be epitomized as follows: The defendants, Lumpkin and Rives, as the Lumpkin Lumber Company, purchased from the complainant, Brown Realty and Abstract Company all the timber of a certain size upon certain described lands for the sum of Three Thousand ($3,000.00) Dollars and gave their notes in payment for the same, securing such notes by a mortgage upon the timber,. this being the mortgage sought to be foreclosed. Previous to this transaction on a time prior thereto, the same parties had some transactions regarding some other timber situated upon an entirely different tract of land, and, it is alleged in the answer, the Brown Realty and Abstract Company and N..E. Brown sold to the defendants, Lumpkin Lumber Company, a body of timber, representing and guaranteeing to them that such body of timber would furnish lumber to the amount of not less than one and one-half million feet. That they paid therefor the sum of Seven Thousand, Five Hundred ($7,500.00) Dollars, that is, at the rate of Five ($5.00) Dollars per thousand feet of lumber; that they milled the timber and that it fell far short of the quantity guaranteed by the sellers, that, in fact, it produced less than one-half million feet. It is further alleged that the Brown Realty and Abstract Company, and N. E. Brown, the sellers, did not, in fact, own such timber when they contracted to sell the same to Lumpkin Lumber Company, which fact was unknown to the purchasers. (It appears, however, that the deed to the timber was made directly to Lumpkin Lumber Company

by the owners.) That the sellers procured an agent to purchase the timber from the owners, paying him Five Hundred ($500.00) for the timber, thus making a clear profit of Four Thousand ($4,000.00) Dollars to the sellers, which amount defendants claim as a set-off against the mortgage sought to be foreclosed. There is no allegation of insolvency of the Brown Realty and Abstract Company or of N. E. Brown.

The complainant moved to strike the portion of the answer above mentioned, which motion was granted by the circuit judge. From the order striking such portion of the answer this appeal is taken and the order stated as first assignment of error.

It is proper to strike an answer which attempts to setoff or counter claim an independent transaction not connected with or germane to the matters set forth in the original bill of complaint. The ruling of the circuit judge in this respect is fully sustained by the holding of this court in Lovett v. Lovett, 112 So. R. 768, head notes 21, 22 and 23; and in Turner v. Utley, 112 So. R. 837.

The defendant Lumpkin Lumber Company also filed a cross-bill against the complainants Brown Realty and Abstract Company, and N. E. Brown, in which cross-bill the identical matters set forth in the portion of the answer stricken are alleged. The circuit judge sustained the separate demurrers of the Brown Realty and Abstract Company, and N. E. Brown, to said cross-bill, and this ruling of the Court is stated as the second and third assignments of error.

It is said in head note 1, by this court in the case of Byrne Realty Company v. South Florida Farms Company, 89 So. R. 319: ''A cross-bill must be germane to and auxiliary to the original bill and pray for affirmative relief concerning matters in litigation under the original

bill." In the same case head note 7 this Court also said, "It is incumbent upon a complainant to allege in his cross-bill, clearly and definitely, every fact that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing." To the same effect is Turner v. Utley, 112 So. R. 837.

Aside from the fact that the cross-bill in this case does not state matters germane to the original bill, such cross-bill was susceptible to demurrer as an original bill in not averring facts to give jurisdiction to an equity court. The bill is simply one attempting to secure a judgment against the respondents for the alleged breach of contract, there is not even an allegation that the respondents were insolvent and that the cross-complainants had no adequate remedy at law.

Upon the authority of Lovett v. Lovett; Turner v. Utley, and Byrne Realty Company v. South Florida Farms Company, *supra*, the orders and decrees of the circuit court in striking the portion of answer and sustaining demurrers to cross-bill are affirmed.

PER CURIAM.—The record is this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the orders and decrees of the circuit court in striking the portion of answer and sustaining demurrers to cross-bill in this cause be, and the same are hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.