ALICE MILES, *et al.*, v. OSCAR MILES, *et al.*

158 So. 520.
Division B.
Opinion Filed January 7th, 1935.

*C. M. Cox,* for Appellants;

*John H. Carter* and *John H. Carter, Jr.,* for Appellees.

BUFORD, J.—The appeal here is from a final decree of foreclosure entered in a suit which will be hereafter outlined and from an order confirming sale made by the Master under the foreclosure decree.

A bill of complaint was filed by Oscar Miles and Rainnie Miles Watson, joined by her husband, B. C. Watson, against Alice Miles, widow, and Dave Miles, deceased, Margaret Miles, Lillie Mae Miles, Willie B. Miles, Edna Miles, Ocie May Hardie, a widow, and G. H. Malone, E. R. Malone, M. L. Malone, R. H. Malone and W. D. Malone, co-partners trading and doing business under the firm name and style of Dothan Guano Company.

All the parties except those composing the firm of Dothan Guano Company were alleged to be residents of Jackson County, Florida. It was alleged that Margaret Miles, Lillie Mae Miles, Willie B. Miles and Edna Miles were minors, being of the age of 17, 15, 13 and 11 years, respectively, and that all the other defendants were over the age of 21 years.

The suit was for partition of lands between the heirs at law of W. J. Miles, deceased. Those heirs at law were the complainants and the defendants, except the defendants constituting the firm of Dothan Guano Company and Ocie May Hardie, Dothan Guano Company was made a party

because of that co-partnership being the holder of a certain mortgage executed by W. J. Miles and his wife, Alice Miles, pledging a certain part of the real estate involved in the partition suit for the payment of an indebtedness.

Ocie May Hardie was made party to the suit because, as was alleged, she was the owner and holder of a mortgage made by W. J. Miles and wife, Alice Miles, on May 13th, 1930, to secure the payment of an indebtedness in the sum of $185.22 which mortgage created a lien on 120 acres of the land involved in the partition suit and prayed that the amount due under the mortgage be ascertained and that the partition be adjudicated subject to the rights of the mortgagee.

Ocie May Hardie filed answer in which she by pertinent allegations alleged that she was the owner and holder of such mortgage; that the indebtedness secured thereby was unpaid; and, as affirmative relief, she prayed foreclosure of her mortgage as against lands described therein which constituted a part of the lands as to which partition was prayed. In her answer praying affirmative relief she did not pray for service of process upon her co-defendants in the partition suit. No process was issued. After she filed her answer decree *pro confesso* was entered. Guardian *ad litem* was appointed to represent the minors. An answer was filed by the guardian *ad litem*. Decree *pro confesso* was entered against all the co-defendants except the minors. Master was appointed and testimony was taken. Final decree of foreclosure was entered. Sale was made in conformity with the decree and the sale was confirmed.

Alice Miles entered appeal and addressed her notice to "Ocie. May Hardie and all other parties to this suit." The caption of that notice read: "FOURTEENTH JUDICIAL CIRCUIT OF FLORIDA, CIRCUIT COURT FOR JACKSON COUNTY, IN CHANCERY. Oscar Miles and Rannie Miles Watson,

joined by her husband, B. C. Watson, Complainants, v. Alice Miles, Dave Miles, Margaret Miles, Lillie Mae Miles, Willie B. Miles, Edna Miles, Ocie May Hardie, and G. H. Malone, D. R. Malone, W. L. Malone, R. H. Malone and W. D. Malone, co-partners trading and doing business under the firm name and style of Dothan Guano Company, Defendants," and the notice stated that the appeal was from the decree dated April 7, 1934, foreclosing the mortgage, which decree is recorded in Chancery Order Book No. 12, page 513, and from the decree of the Court dated May 21, 1934, recorded in Chancery Order Book No. 12 on page 532, confirming sale made under said foreclosure decree.

Exceptions were made to the report of the Master and to confirmation of sale which were overruled.

The provisions of paragraph 3 of Section 35 of the 1931 Chancery Practice Act, which provides: "If the answer asserts a counterclaim and seeks affirmative relief, a copy thereof shall be served within ten days after filing (unless further time be allowed by the court) upon the solicitor of record (if any) of the party or parties as to whom the counterclaim and affirmative relief is asserted. In case the defendants, or any of them, shall by answer assert a counterclaim and pray affirmative relief requiring that persons not then parties to the suit be brought in as parties to the cause, or if the party or parties as to whom the counterclaim and affirmative relief is asserted have not been served or have appeared, but are not represented by a solicitor of record in the cause, the defendant or defendants so filing such counterclaim shall be entitled to process by way of summons in chancery or by publication, or otherwise as prescribed by law, to bring in such other person as defendants thereto, were not complied with. For this reason the court was without jurisdiction to enter decree *pro confesso* against

the co-defendants on the answer of Ocie May Hardie because none of the co-defendants had been brought into the court to answer her claim. The guardian *ad litem* was without power to waive service of process as to minor defendants.

For these reasons, the decree and order appealed from must be reversed under authority of the opinion and judgment of this Court in the case of Lovett v. Lovett, 93 Fla. 611, 112 Sou. 768.

Appellant contends that the decree of foreclosure could not be entered on the counter claim contained in the answer of Ocie May Hardie filed in the partition suit. This position is not tenable because under Section 35 of 1931 Chancery Practice Act counter claim may be interposed by any defendant where such defendant has a cause of action against other parties to the suit which could constitute valid basis for an original suit against all the parties then before the court and under Section 31 of the 1931 Chancery Practice Act, a plaintiff may join in one bill as many causes of action cognizable in equity as he may have against the defendants.

The record here shows that this defendant was in position to maintain a bill for foreclosure against all parties to this suit in partition. It must be observed that this was not a mortgage on an undivided interest in land but it was a mortgage upon the entire estate as to a part of the lands and the holder of the mortgage, having been made a party to the partition suit, was entitled to use that suit as a vehicle for foreclosure of her mortgage as to a part of the lands involved in that partition suit. By pursuing this course the court could without multiplicity of suits adjudicate the several rights of all parties in the one suit.

For the reasons stated, the order and decree must be reversed with directions that the cause be remanded and returned to the rolls for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.