FLORIDA STATE FINANCE COMPANY v. LAMAR LAND COM-
PANY, INC.

168 So. 246.
Division B.
Opinion Filed May 14, 1936.

*Treadwell & Treadwell,* for Appellant;

*John F. Burket* and *N. G. & John Fite Robertson,* for
Appellees.

BUFORD, J.—The appeal brings for review an order dated
June 28, 1935, denying petition for vacation of order con-
firming sale which order of confirmation was entered De-
cember 6, 1934.

The controlling question presented is whether or not the
Court had the power to enter a decree in favor of F. Kings-
bury Curtis, who was a defendant named in the bill of
complaint and who was so named because of the fact that,
as alleged in the said bill of complaint,

"The defendant, F. Kingsbury Curtis, by reason of a
*lis pendens* of record in *Lis Pendens* Book 3 at page 534,
claims some right, lien or interest, the nature of which lien
is therein not disclosed but which complainant avers to be
by reason of the alleged ownership of tax certificates issued

and bearing a prior date to the tax certificates upon which the tax deed in this case is based."

It appearing further that the said Curtis filed an answer to the bill of complaint in which he denied all knowledge of the allegations contained in the bill of complaint, except those particularly answered, and, answering those allegations, he alleged:

"Answering sub-paragraph 10 of paragraph VII of said Bill, this defendant says that the *Lis Pendens* referred to in said bill as appearing in *Lis Pendens* Book 3 at page 534, bears date of March 1st, 1929, and gives notice that on said date a suit had been filed in said Court in Chancery by said F. Kingsbury Curtis against Florida State Finance Company, F. D. Hayes, Jacksonville, Tampa and Key West Railway Company, Mrs. Richard K. Sheldon, if living, Carl Meyer, Trustee, Abraham Meyer (first successor in trust to Carl Meyer), J. Ginsburg, J. G. Lewis, W. B. Baldwin and R. L. Croon as defendants for the foreclosure of a lien against the lands in Sarasota County, Florida, therein described, namely: Sections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, all in Township 39 South, Range 22 East.

"THIRD: That said cause, described in said *Lis Pendens*, is Chancery case No. 1896, pending in this Court, and has not yet been finally adjudicated.

"FOURTH: That said cause No. 1896 is for the foreclosure of tax sale certificates issued by the Tax Collector of Sarasota County, Florida, at the tax sale of 1927 bearing numbers 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39 and 40, covering the aforesaid lands in Sarasota County, Florida, namely, Sections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, all in Township 39 South,

Range 22 East, for the unpaid taxes, costs and charges on said lands for the year 1926; also for the foreclosure of tax sale certificates issued by the same Tax Collector at the tax sale of 1928 bearing numbers 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45, and covering the same lands aforesaid, for the unpaid taxes, costs and charges on said lands for the year 1927. A copy of each of said tax sale certificates are hereto attached and made a part of this Answer.

"FIFTH : That none of said tax sale certificates have been redeemed, but all of same are outstanding and unpaid, and are still liens against the respective lands described in each certificate for the amount paid for each certificate together with interest, costs, charges, attorney's fees and expenses as provided by law.

"SIXTH : That this defendant, on July 4th, 1927, paid the sum of $221.62 for each of the 1927 certificates purchased on that date bearing the numbers 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32 and 33, and paid the sum of $211.61 for each of the 1927 certificates numbered 34, 35, 36, 37, 38, 39 and 40, making a total paid for 1927 certificates on July 4th, 1927, of $5,238.61; and that this defendant on August 6th, 1928, paid the sum of $242.67 for each of the 1928 certificates purchased on that date and bearing the numbers 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45, making a total paid for 1928 certificates on August 6th, 1928, of $5,824.08.

"SEVENTH : That this defendant, F. Kingsbury Curtis, is still the owner and holder of all of said tax sale certificates hereinabove referred to, and claims a lien upon said lands severally for amounts hereinabove set forth, together

with interest, costs, charges, attorney fees and expenses as provided by law, for which he pays.

"EIGHTH: That this defendant claims that his lien against the various lands described in said tax sale certificates for the years 1927 and 1928 hereinabove pleaded, is a first lien and superior to the liens asserted by the complainant in respect to said lands severally and respectively, and that he is entitled to have said liens established and enforced in this proceeding."

Curtis, then, in said Answer asserted the right to affirmative relief based upon the allegations above quoted, such affirmative relief being that the Court take cognizance of the matters set up in the answer and adjudicate the equities between the liens asserted by the complainant and other parties defendant to the cause and that upon the sale of the property under foreclosure sale the proceeds of the sale shall be disbursed and paid over under direction and supervision of the courts, according to the rights and priorities of the respective parties at interest.

It is contended by appellant that because Curtis prayed affirmative relief and did not serve copy of his answer and counter claim on the Florida State Finance Company, or its counsel, as required by Section 35 of the Chancery Act, the court was without jurisdiction to enter any order embracing affirmative relief in favor of Curtis. To sustain this position, appellant cites the case of Miles v. Miles, 117 Fla. 884, 158 Sou. 520. The Miles suit was a proceeding for partition. The bill of complaint in that case alleged that Ocie May Hardie was made a party to the suit because she was the owner and holder of a mortgage made by W. J. Miles and wife, Alice Miles, on May 13, 1930, to secure the payment of an indebtedness in the sum of $185.22, which mortgage created a lien on 120 acres of land involved in

the partition suit and prayed that the amount due under the mortgage be ascertained and that the partition be adjudicated subject to the rights of the mortgagee. Ocie May Hardie filed answer in which she alleged that she was the owner and holder of a mortgage and she prayed by way of affirmative relief foreclosure of the mortgage as against the lands described therein which constituted a part of the lands as to which partition was prayed. Without the prayer for affirmative relief the foreclosure of the mortgage involved in that case had not been brought into the jurisdiction of the court and there we held:

"The provisions of paragraph 3 of Section 35 of the 1931 Chancery Practice Act, which provides: 'If the answer asserts a counter claim and seeks affirmative relief, a copy thereof shall be served within ten days after filing (unless further time be allowed by the court) upon the solicitor of record (if any) of the party or parties as to whom the counter claim and affirmative relief is asserted. In case the defendants, or any of them, shall by answer assert a counter claim and pray affirmative relief requiring that persons not then parties to the suit be brought in as parties to the cause, or if the party or parties as to whom the counter claim and affirmative relief is asserted have not been served or have appeared, but are not represented by a solicitor of record in the cause, the defendant or defendants so filing such counter claim shall be entitled to process by way of summons in chancery or by publication, or otherwise as prescribed by law, to bring in such other person as defendant thereto, were not complied with. For this reason the court was without jurisdiction to enter decree *pro confesso* against the co-defendants on the answer of Ocie May Hardie because none of the co-defendants had been brought into the court to answer her claim. The

guardian *ad litem* was without power to waive service of process as to minor defendants.' "

The case now before us presents an entirely different aspect. Here the bill of complaint specifically prayed adjudication of the rights and priorities of all the parties, including Curtis, the holder of certain tax certificates. The answer filed by Curtis without any prayer for affirmative relief was entirely sufficient to vest the court with jurisdiction to determine the rights of the parties and the priorities of liens and to make all necessary orders touching the distribution of the proceeds of the sale under the deed issued on tax certificates which was sought to be foreclosed by the complainant. These priorities were determined in the final decree and no appeal was taken therefrom.

The Court having acquired jurisdiction to determine these rights and priorities because of the allegations contained in the bill and the allegations of the answer, the Court cannot be deprived or divested of that jurisdiction by the failure of the answering defendant to serve a copy of that answer and to have process served on the defendant Florida State Finance Company, a corporation.

The answer in fact presented no counter claim, but merely set forth in full the basis of the claim of the defendant Curtis which had been pleaded in the bill of complaint and resubmitted to the jurisdiction of the court the determination of the rights and priorities of the parties as to matters embraced in the bill of complaint.

The answer filed in this case contains no element of cross bill as defined by paragraph 1 of Section 35 of the Chancery Practice Act.

There was no relief whatever prayed in the answer against Florida State Finance Company, a corporation.

288

This case was allowed to go to final decree. The decree became absolute by the running of time.

We do not think that the answer contained such matter as constituted a counter claim as contemplated by paragraph 3 of Section 35 of the Chancery Practice Act, and, therefore, the Court was not deprived of jurisdiction to determine the questions presented because of the fact that the provisions of this section of the statutes were not complied with.

The order appealed from should be affirmed and it is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.