JAMES LANG, also known as JAMES S. LANG, *et ux.,* v. QUAKER REALTY CORPORATION.

179 So. 144.

Opinion Filed February 16, 1938.

*Peters & Kemp,* for Appellants;
*Joseph Weintraub* and *Paul D. Barns, in pro per.,* for Appellees.

BUFORD, J.—The appeal is from final decree in a case in which the original bill of complaint was filed to foreclose municipal tax certificates issued by the City of Miami in Dade County, Florida, and in which a mortgagee who was made defendant in that suit filed an answer in which he prayed for affirmative relief alleging that he held a mortgage on certain portions of the land involved in the foreclosure suit, and in which suit the City of Miami also sought to foreclose other tax sale certificates not held by the original complainant. The final decree adjudicated foreclosure of the several tax certificates. It adjudicated the amount

due to the mortgagee to be in the sum of $1,223.00 as principal, and contained the following in that regard:

"(C) From the balance, if any, remaining in the hands of the Special Master, after making payments hereinabove set forth, the amounts due the Defendant, Paul D. Barns, as hereinabove set forth, by virtue of his lien upon the property involved herein consisting of a note and mortgage in the sum of $1,223.00 principal, and interest to March 10, 1936, the date of this Final Decree in the sum of $729. 70, shall be paid by the Master, or so much thereof as the said proceeds remaining in the hands of the Master will permit."

Other prior orders are referred to in the notice of appeal but the appeal from final decree in chancery cause brings up all interlocutory orders for review.

The appellants have stated three questions, as follows:

"First Question: May the holder of a mortgage on real estate who is made defendant in a suit to foreclose tax certificates upon the mortgaged property assert the mortgage as a counterclaim and obtain a decree foreclosing it in the tax foreclosure proceedings?"

"Second Question: Does the Court obtain jurisdiction to enter a decree foreclosing a mortgage upon an answer and counterclaim filed by a defendant mortgagee in a tax certificate foreclosure suit where the co-defendant mortgagor and owner of the subject property was never served with process in the cross suit, and had not been served with process in the original suit and was not represented by counsel therein when the said answer and counterclaim was filed?"

"Third Question: When the general equity powers of the Circuit Court are invoked to foreclose city tax certificates having an aggregate face value of principal and interest amounting to Ten Thousand Two Hundred Seventy-

two and 33/100 Dollars ($10,272.33), may the Court, upon equitable considerations, refuse foreclosure for said full face value when the following facts are made to appear:

"1.   That the certificates were purchased by the plaintiff for a small fractional part of their face value;

"2.   That there were outstanding numerous State and county, and drainage tax certificates and omitted and subsequent taxes against the land involved in the suit which the Plaintiff had not redeemed or paid;

"3.   That during the whole period for which the tax was assessed the land was agricultural land without a house or building on it; that it is located nine (9) miles from the business district of the taxing city and about one-eighth (1/8) of a mile from the Everglades to the west of the city; that the land is two (2) miles beyond the west boundary of an intervening municipality which adjoins the southern part of the City of Miami on the west; that the nearest improved section of the City of Miami is several miles from the land; that there is nothing but wild land intervening for several miles between said land and the nearest improved section or part of the City of Miami; that said land, at no time during the period for which the tax was levied, received any benefit from the taxing City of Miami, or its government."

The first question must be determined adversely to the contention of appellants.

Section 35 of Florida Chancery Act adopted in 1931 provides:

"The answer must state, in short and simple form, any counterclaim arising out of the transaction which is the subject matter of the suit, and may, without cross bill, set out any counterclaim against the plaintiff which might be the subject of an independent suit in equity against him; and such counterclaim so set up shall have the same effect

as a cross suit, so as to enable the court to pronounce a final decree in the same suit on both the original and cross claims."

Under the provisions of this Act the answer of a defendant must state in simple and short form any counterclaim arising out of the transaction which is the subject matter of the suit and *may* without cross bill, set up any counterclaim against the plaintiff which might be the subject of an independent suit in equity against him.

The case of Miles, *et al.,* v. Miles, *et al.,* 117 Fla. 884, 158 So. 520, is somewhat like the case before us and the same principles which were applied in that case should be applied here as far as they may be with due regard to other enunciations by this Court.

The mortgagee held a lien inferior to the lien evidenced by the tax certificates and had the right to have the priorities of liens adjudicated and if there was sufficient fund produced at the sale to pay off the lien evidenced by the tax certificates and leave a balance then the mortgagee was entitled to have such balance applied on the payment of the indebtedness secured by the mortgage.

The point involved here is analogous to that which was determined in Fla. State Finance Co. v. Lamar Land Co., Inc., 124 Fla. 282, 168 Sou. 246, where it was held:

"Answer of holder of tax certificates to bill seeking foreclosure of mortgage and adjudication of rights and priorities of all parties, including such holder, which merely set up superiority of his lien and requested distribution of proceeds upon sale in accordance therewith, *held* not to constitute a 'counterclaim' within Chancery rule requiring service of copy thereof upon opponent, and hence holder's failure to make such service did not deprive court of jurisdiction to determine questions presented (Acts 1931, c. 14758, Sec. 35, Pars. [1, 3])."

The claim of the mortgagee did not constitute a counter-claim within chancery rule requiring service of copy thereof upon opponent, but was just such a claim as was interposed in the suit of Florida State Finance Co., Inc., v. Lamar Land Co., *supra,* except that in that case the certificate holder answered in the foreclosure suit and prayed an adjudication of priority of liens while in this case the mortgagee answered in the tax certificate foreclosure suit and prayed an adjudication of priorities, as it was his right to do.

The second question as presented by the appellants is not pertinent because, in the first place, this was not a counterclaim; and secondly, because the defendant, owner of the lands involved, James Lang, also known as James S. Lang, and Carrie D. Lang, his wife, had entered their appearance in the cause on the 7th day of October, 1935, and had filed no pleading attacking or tendering an issue upon the claim of the mortgagee when decree *pro confesso* against the Langs was entered on December 13, 1935, by the Circuit Judge. It, therefore, is immaterial whether defendant mortgagor, and owner of the property involved, had been served with process or not, and, as was held in the case of Florida State Finance Co., Inc., v. Lamar Land Co., Inc., *supra,* it was not necessary to serve him with process.

The record shows, however, that the Langs filed answer to the bill of complaint on the 2nd day of December, 1935, but made no denial of the claim of the mortgagee, although the answer with prayer for affirmative relief was then on file and the defendants, the Langs, had due and sufficient notice thereof.

The third question, which is divided into three sub-paragraphs heretofore quoted, must be determined in part adversely to the contention of the appellants. Appellee contends that the answer to the question as presented by

the first sub-paragraph is to be found in Patterson v. Crenshaw, 110 Fla. 310, 148 Sou. 543, and the cases there cited, and also in the later case of Capital Finance Corporation v. Giles, *et al.,* 110 Fla. 527, 149 Sou. 585. It was well settled that the holder of the tax certificate bought from and assigned by the proper official becomes vested with the ownership of and the right to foreclose the lien evidenced by the certificate for the face amount of the certificate in cases where the provisions of Chapter 14572, Acts of 1929, applied. But in this case the complainant must rest its right to foreclosure of its lien upon the inherent jurisdiction of courts of chancery to foreclose liens. Se State, *ex rel.* Dofnus Corp., v. Lehman, *et al.,* 100 Fla. 1401. In such cases, absent statutory provision to the contrary and absent contract creating the lien, the complainant is limited to that which equity will require. In equity and good conscience the complainant is entitled to recover no more than a sum equal to the sum paid or the certificates with interest thereon from the date of the expenditure.

The question as presented by the second sub-paragraph must be answered adversely to the contention of the appellants on authority of the opinion and judgment of this Court in the case of City of Bradenton v. Lee, 120 Fla. 100, 162 Sou. 139. In that case we held that, "a foreclosure sale of property predicated only upon the lien of a municipal tax sale certificate would be subject to all unsatisfied liens for State, county and municipal taxes, without reference to the year for which the taxes are due." And in that case we also held, "In order to avoid multiple litigation the holders of a tax sale certificate may bring a foreclosure suit to have all unsatisfied tax liens adjudicated and title cleared of all matured tax liens, but such procedure is not mandatory. They may be cleared piecemeal as desired."

The question as presented by the third sub-paragraph

must be answered in this suit contrary to the contention of the appellants because the rights of third parties have accrued under an assessment which appears to be valid on its face and when the record shows that the property owner has stood by and without intervention allowed taxes to be levied on his property, the property sold for delinquent tax and thereafter the tax certificates issued pursuant to such sale have passed into the hands of a third party by purchase and assignment, he is in equity and good conscience estopped from presenting the question which was attempted to be injected into this case by the portion of the answer which was stricken.

This holding is not in conflict with our holding in the case of the City of Sarasota, a municipal corporation, v. Skillen, in which opinion was filed at this term of Court. In that case the land owner moved against the taxing authority before rights of third parties had intervened and was, therefore, awarded the relief sought.

For the reasons stated, the decree appealed from must be reversed and it is so ordered.

Reversed.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating.