M. A. Smith, as liquidator of the Bank of Biscayne, and M. B. Shanberg v. Carl Lindsay

182 So. 910.
Opinion Filed June 17, 1938.
Rehearing Denied July 23, 1938.
Extraordinary Petition Denied August 2, 1938.

*Worley & Gautier* and *S. Whitehurst's Sons,* for Appellants;

*Edward L. Semple,* for Appellee.

PER CURIAM.—In this case the only question necessary for us to determine is whether or not the Chancellor committed error in entering a final decree in favor of the Complainant for the face amount of municipal tax certificates where the record shows that such certificates were acquired by the complainant from the municipality for less than one-third of the amount of the face of such certificates.

Under the pleadings as shown in the record presented here we hold that the complainant was entitled to a decree of foreclosure of the municipal tax sale certificates to enforce the payment to complainant of the amount which the records show paid the municipality in full payment of all taxes represented by such certificates and the assignment of the certificates to the complainant with interest on such amount since such payment.

The amount paid in settlemeent of the taxes involved and the assignment of the involved certificates was $2,000.

The decree of foreclosure decreed the payment of a far greater amount.

The decree should be affirmed in all respects except as to the amount adjudicated to be due the complainant and to be paid by the defendants. As to this item, the decree should be, and is, reversed on authority of the opinion and judgment in the case of Lang v. Quaker Realty Corp., filed February 16th, 1938, reported 179 Sou. 144.

The decree is accordingly reversed and the cause remanded with directions that the final decree be reformed in accordance with the views here expressed.

The costs of this appeal should be, and are, directed to be taxed and paid in equal parts by appellants and appellee.

So ordered.

Affirmed in part and reversed in part.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.—Petition for rehearing has been considered by us in connection with our opinion and judgment filed herein on June 17th, 1938.

In that opinion and judgment we held that the decree of the Chancellor should be affirmed except as to the amount of the decree of foreclosure. The decree was held to be excessive because it was shown by the record to be in excess of the amount paid for the certificates with legal interest. In entering its judgment this court exercised its power to direct such judgment to be entered in the court below as should have been entered there.

The fact that the title to the property involved passed from M. A. Smith as Liquidator to Shanberg instead of passing to Lindsay is not material to the disposition of the case. The status of the rights of Lindsay to foreclose the

lien evidenced by the tax certificates was in no way changed or affected the acquisition of title by Shanberg. Such rights remained in the same status as they would have stood had the title remained in the Bank Liquidator and in that event Lindsay was not entitled to receive more in foreclosure proceedings than the amount paid for the *municipal* tax certificates with legal interest thereon. See Lang v. Quaker Realty Corporation, filed February 16th, 1938, reported 179 So. 144.

Rehearing denied.

So ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

EXTRAORDINARY PETITION FOR REHEARING DENIED

PER CURIAM.—This cause having been submitted to the Court upon Motion of Counsel for Appellee for leave to file an Extraordinary Petition for Rehearing herein and which motion has been duly considered; it is ordered and adjudged by the Court that leave be granted to file the said Extraordinary Petition for Rehearing and that the said Extraordinary Petition having been considered by the Court be and it is hereby denied. The Appeal is a step in the cause and must be disposed of according to the rights of the parties as shown by the record. The Court so disposed of the case by affirming the foreclosure but reversing the decree because it was for an amount in excess of the amount which the record showed to be recoverable. See Sec. 2918 R. G. S., 4637 C. G. L.; Schnabel v. Betts, 23 Fla. 178, 1 Sou. 692.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

Brown, J. (dissenting).—I think the extraordinary petition sets up some serious questions which makes it advisable to grant rehearing as prayed, so that these questions can be fully argued and considered by the Court.