BERNICE HIGGS BANKS, *et al.,* v. ALFRED SHAW, *et al.*

198 So. 341
Division A
Opinion Filed October 8, 1940
Rehearing Denied November 19, 1940

*Homer T. Amis,* for Appellants;

*E. M. Baynes,* Attorney for Alfred Shaw and Beatrice Shaw, his wife, and Dorothy Manning and Ray Manning, her husband, and *Paul W. Potter,* Attorney for City of West Palm Beach, Florida, and J. R. Gardner, Clerk, Appellees.

BUFORD, J.—Appeal is from decree cancelling a tax deed and a subsequent deed based on the tax deed and denying further relief.

It appears from the pleadings that Shaw purchased or traded for certain municipal tax sale certificates and paid up subsequent municipal taxes, all of which was accomplished

for a sum equal to only a small fractional part of the face of the certificate and subsequent taxes. Shaw applied for tax deed. Deed was issued but was invalid because of inadequate advertisement of application.

Decree held the tax deed and subsequent conveyance void.

The bill of complaint shows that plaintiffs are the owners of the property involved. That they, prior to suit, offered to pay Shaw all he paid for the certificates and subsequent taxes with interest from date of payment to date of offer to redeem the certificates prior to suit and offered to deposit the required amount to make such payment in the registry of the court to be paid to Shaw on cancellation or transfer of the certificates to plaintiffs.

Amendment to the bill of complaint was filed, praying that, "J. R. Gardner as Clerk of the City of West Palm Beach, Florida, and the City of West Palm Beach, Florida, a municipal corporation, be added as parties defendant to this cause, and that said defendants may be required to make full, true and direct answer to the bill of complaint and this amendment to bill of complaint, but not under oath, answer under oath being hereby expressly waived; that all of the defendants may be required to make full, true and direct answer to this amendment to the bill of complaint, but not under oath, answer under oath being hereby expressly waived; that by decree of this court it may be declared and adjudged that upon the plaintiffs paying into the registry of the court said sum or sums that the court may decree to be due on account of the lien of the tax certificate held by them, that the defendants have no valid right, title, interest, claim or demand of any sort or nature recognizable by this court as against the plaintiffs, or their heirs, executors, administrators or assigns in or to their property and premises involved in this suit as described in the bill of

complaint and claimed by the plaintiffs or in any portion or parcel thereto; that the court enter a temporary injunction enjoining and restraining the defendants, J. R. Gardner, as Clerk of the City of West Palm Beach, Florida, and the City of West Palm Beach, Florida, a municipal corporation, from issuing a tax deed to said defendant, Alfred Shaw, and that at final hearing said injunction be made permanent and that said injunction restrain said defendants from issuing a tax deed to any one based upon the notice of application for tax deed described above; that by decree of this court the amount of monies due to the defendants be determined and upon the payment by the plaintiffs of said monies into the registry of the court, that by decree of the court it may be declared and adjudged that said tax sale certificate be cancelled and set aside."

This amendment was after the Court had held the tax deed void and the defendant had made application for a new tax deed.

There was a motion to strike the amendment and motion to dismiss the amendment.

Temporary restraining order was denied. .

Motion to strike the amendment to the original bill was sustained and the amendment was stricken. Thereafter, a stipulation was filed as follows: · ·

"It Is Hereby Agreed between the attorney for the plaintiff and the attorney for the defendant, that Alfred Shaw paid for the tax certificates the sum of $174.87 in cash, but that the face amount of said certificates and assessment liens was $477.70. Alfred Shaw owned a part of a judgment against the City of West Palm Beach, Florida, for which he paid 13 cents on the dollar. Under the resolution of the City of West Palm Beach, Florida, Alfred Shaw took a credit upon his judgment for the sum of $211.98 for the assessment liens, and the sum of $136.10 being for a part of

the tax certificates and the balance of $129.62 in cash being the face amount of the tax certificates. Under the then existing resolution of the City of West Palm Beach, Florida, any person could buy a bond credit or a part of this judgment for the sum of 13 cents on the dollar for which the City would accept at the face value for tax certificates prior to 1932, and assessment liens. At the time these tax certificates were sold to Alfred Shaw, the City mailed to the record owners of this property a notice that the said tax certificates and assessment liens were going to be sold, and after this notice had been mailed for two weeks, then Alfred Shaw was sold the certificates and assessment liens. The judgment against the City was a subsisting valid judgment recognized by the City of West Palm Beach, Florida. The defendants admit that the tax deed referred to in the original complaint was void for the reason that it was not advertised for a sufficient time, and further admit that the deed from Shaw to Manning was void by reason of the fact of the Shaw deed being void.

"It is further admitted that the plaintiffs tendered to the defendants the amount of cash expended by the defendants together with interest to the date of the tender, which tender was refused.

"By the above stipulated facts it is agreed between the attorneys hereto that the main question is whether the plaintiffs can by this procedure in equity require or obtain an order from the court so as to require the defendant to accept and receive only the amount of cash which he expended for the tax certificates and assessments, plus interest to date, or can the defendant, after this case has been filed and service perfected upon the defendant, proceed to obtain a valid tax deed from the City of West Palm Beach, as required by law, or must the plaintiffs, when the tax deed is applied for, be required to pay the full amount of the face

value of the tax certificates and assessments. It is agreed that the plaintiffs are negroes.

"It is further stipulated that the defendants have obtained from the City of West Palm Beach, Florida, since the filing of this suit, a second tax deed to the property involved.

"It is further agreed and stipulated that the property is worth over $500.00."

Subsequent thereto final decree was entered. By stipulation the final decree was amended so as to order and decree "that all other relief prayed for in this cause be and the same is hereby denied with prejudice."

The stipulation above quoted presents the question to be determined, viz.: Were the complainants entitled to have a decree canceling the municipal tax certificates and subsequent taxes paid by the defendant upon the payment by the plaintiffs into court for the use of the defendant of an amount of money equal to the amount paid by the defendant for the certificates and subsequent taxes with interest thereon from date of payment?

It is too well settled to now be questioned, that the owner may redeem from tax sale certificates and subsequent taxes paid at any time before issuance of valid tax deed. See Hightower v. Hogan, 69 Fla. 86, 68 Sou. 669; Section 770 R. G. S., 985 C. G. L.; Fountain v. State, 94 Fla. 746, 114 Sou. 511; McNee v. Wall, 13 Fed. Sup. 329.

In the instant case the suit was brought to cancel a tax deed so that the plaintiffs might assert their right under the tax certificate. The tax deed was cancelled and thereupon they amended their bill alleging that the holder of the tax certificates were advertising same for sale and asked for the sale to be enjoined and the certificates to be cancelled upon the payment of the amount which he had paid for the certificates and subsequent taxes.

In the case of Lang, *et ux.,* v. Quaker Realty Corporation, 131 Fla. 179, 179 Sou. 144, we said:

"It was well settled that the holder of the tax certificate bought from and assigned by the proper official becomes vested with the ownership of and the right to foreclose the lien evidenced by the certificate for the face amount of the certificate in cases where the provisions of Chapter 14572, Acts of 1929, applied. But in this case the complainant must rest its right to foreclosure of its lien upon the inherent jurisdiction of courts of chancery to foreclose liens. See State *ex rel Dofnus Corp. v. Lehman, et al,* 100 Fla. 1401, 131 So. 333. In such cases, absent statutory provisions to the contrary and absent contract creating the lien, the complainant is limited to that which equity will require. In equity and good conscience the complainant is entitled to recover no more than a sum equal to the sum paid or the certificates with interest thereon from the date of the expenditure."

Applying the rule there stated to the instant case we say that in equity and good conscience the plaintiff is entitled to redeem the certificates and to have the lien which is vested in the defendant by reason of the purchase of the certificates and to payment of subsequent taxes, cancelled upon the payment by the plaintiff to the defendant of an amount equal to the amount which the defendant actually paid for the certificates and the subsequent taxes together with interest from date of payment to date of the decree.

Equity is not concerned with the identity of the plaintiff, nor of the defendant. It is the purpose of equity to do justice between the parties, regardless of the order in which they may appear on the court docket.

If in a suit to foreclose a tax sales certificate by the holder thereof by assignment he may not require for redemption the payment of more than the certificate cost him

with interest, it is because the owner should in equity and good conscience not be required to pay more than that amount for redemption.

In Hyland v. Rodney, *ct al.,* 142 Fla. 319, 195 Sou. 574, the complainant in the court below was a property owner and brought suit to enjoin the issuance of a tax deed, application for which was made on a municipal tax certificate. In the bill of complaint the owner proffered to pay only the amount paid for the certificate with interest thereon. In that case we said:

"It, therefore, follows that while Rodney could only require the owner, Hyland, to reimburse him for the amount paid for certificate No. 1373 with the interest provided by statute on that amount to redeem that certificate, see Lang v. Quaker Realty Corp., 131 Fla. 179, 179 Sou. 144, he is entitled also to be reimbursed to the extent of the amount which he paid to the taxing authorities for taxes levied and assessed subsequent to the assessment on which certificate No. 1373 was based.

"The complainant in the court below sought an injunction prohibiting the issuance of a tax deed upon condition that she only pay the amount which the certificate holder paid for the certificate No. 1373 with interest thereon and she did not offer to pay or to repay or reimburse Rodney to the extent of the amount which he had paid to clear the lands of tax liens created by the levies and assessments subsequent to the assessment upon which the certificates, *supra,* was issued. This she must do before equity will enjoin the issuance of the tax deed."

The inferential holding here is that if the complainant had proffered to reimburse Rodney to the extent of the amount paid for the certificate and also to the extent of the amount which he had paid to clear the lands of tax lien

created by levies and assessments subsequent to the assessment upon which the certificate was issued, that she would have thereby complied with the requirements of equity and would have been entitled to the relief sought.

For the reasons stated, the decree is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

TERRELL, C. J., and THOMAS,. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.