**TOWN OF DUNDEE, a municipal corporation, under the laws of Florida, v. L. PRESSGROVE.**

15 So. (2nd) 448
November 9, 1943

June Term, 1943
Division A

*Dewell & Dewell,* for apellant.

*C. V. McClurg,* and *Smith & Petteway,* for appellee.

TERRELL, J.:

Appellee sued appellant in a law action to recover principle and interest on matured municipal bonds. A demurrer to an amended second plea to the declaration was sustained and the defendant appealed from that order.

The substance of the amended second plea was that defendant finding itself insolvent, proposed to its creditors a plan to compose its indebtedness whereby it would issue refunding bonds in a sum equal to sixty per cent of and to take the place of its original bonds to which would be attached interest coupons to be paid at 25 per cent of the original interest due, that all its creditors accepted the plan of composition except the holder of the bonds sued on here, that plaintiff purchased the bonds sued on with knowledge of the composition plan at less than face value and is now attempting to recover face value. The plea also alleges that no further steps were taken to adjust the indebtedness of the defendant under the Federal Bankruptcy Act and that to permit plaintiff to recover a greater amount on his bonds

than the other creditors who entered into the composition agreement would be inequitable.

Appellant offered the foregoing as a plea on equitable grounds and contends that it should have been sustained as a good defense to the declaration. Shaw v. Hamm, 133 Fla. 722, 183 So. 19; Smith v. Lindsay, 133 Fla. 306, 182 So. 910; and Lang v. Quaker Realty·Co., 131 Fla. 179, 179 So. 144, are relied on to support this contention. The substance of the holding in these cases is that one cannot in equity purchase · tax certificates from taxing authorities at less than face value and then be permitted to foreclose them at face value plus accrued interest.

The assaulted plea evidences a valid debt against the defendant and offers no legal or equitable defense to its payment, either in the hands of the plaintiff or his predecessor in title. It shows an existing contract obligation, that the plaintiff did not become a party to the plan of composition and that proceedings to perfect the plan of composition were never perfected under the Federal Bankruptcy Act.

The rule is well settled that creditors may enter into and bind themselves by a composition agreement. Such agreements are sustained on the basis of the mutuality thus created but it is also settled that those who do not enter into the agreement connot be bound thereby. Lerdall v. Charter Oak Life Ins. Co., 51 Wis. 426, 8 N.W. 280; Atlas Engine Works,· et al., v. First National Bank, 50 Ind. App. 549, 97 N.E. 952. Such is the rule in this State.

Affirmed.

· BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.