**TAMPA LEATHER COMPANY, INC., a Florida corporation, v. ANNIE B. SMITH, a widow.**

24 So. (2nd) 523
January 18, 1946
Rehearing denied Feb. 6, 1946

January Term, 1946
Division A

*Mabry, Reaves, Carlton, Anderson & Fields* and *Arthur L. Anderson,* for appellants.

*Worth, Bivens & Lively,* for appellee.

CHAPMAN, C. J.:

The record in this case discloses that in February, 1926, certain property situated in Hillsborough County, Florida, was acquired jointly by purchase in undivided proportions viz: Annie Beliveau one-fourth; F. C. Smith one-fourth, and Nell Ray Carlton one-half. The consideration was $12,000.00, of which sum $4,000.00 was paid in cash contributed ratably

by the purchasers and the assumption of an existing mortgage against the property. Annie Beliveau, after the purchase, married F. C. Smith and the latter died about February 14, 1940. The above property is situated at 111 South Freemont Street, Tampa, Florida.

Situated at 611 Horatio Street, Tampa, Florida, is an apartment building and the various apartments were owned in 1928 by Doyle E. Carlton and rented to tenants, inclusive of appellee and husband, F. C. Smith. The Carltons sold their one-half interest in the co-tenancy property situated at 111 South Freemont Street, in September, 1942, to the Tampa Leather Company, Inc. F. C. Smith, prior to his death, and his widow, Annie B. Smith, after his death, collected rents on the co-tenancy property and applied the moneys arising therefrom toward the payment of expenses and liens against the co-tenancy property. An accounting for these rentals by F. C. Smith was not made to Nell Ray Carlton or her agent, Doyle E. Carlton, but he demanded and received from Doyle E. Carlton contributions necessary to discharge or pay, in part, some of the items incidental to the carriage of the property.

The crux of this controversy involves the following allegation of a pleading of plaintiffs below viz: " . . . That thereafter F. C. Smith called upon the Carltons for additional contributions which were made by Doyle E. Carlton for the account of Nell Ray Carlton, until the year 1937, when Doyle E. Carlton requested an accounting from the said F. C. Smith and such accounting was taken and made between the cotenants, showing a balance in favor of Nell Ray Carlton in a sum slightly in excess of $700.00. That in taking such account, by mutual mistake of the parties, the credits due Nell Ray Carlton by reason of rentals due by F. C. Smith and Annie B. Smith on the apartment, aforesaid, were computed beginning January 1, 1929, whereas such rentals should have been computed from March 28, 1928, so that the balance in favor of the said Nell Ray Carlton in and about the operation of the real estate so jointly owned, and in and about the payment and discharge of expenses and liens in connection therewith, as of June 1, 1937, the time to which said accounting was taken, was in truth and in fact in excess of $1,450.00. That at

this time Doyle E. Carlton was indebted to Annie B. Smith on his personal promissory note in the principal sum of $1,200.00, and it was understood that the balance aforesaid found to be due Nell Ray Carlton on account of the ownership and management of said real estate was to be credited upon said promissory note, it being then thought that the balance due the said Nell Ray Carlton was slightly over $700.00, and any profits due the said Nell Ray Carlton from the management of said real estate were also to be so credited ... "

The testimony of Winnie L. White is to the effect that in June, 1937, F. C. Smith and Doyle E. Carlton reached an agreement with reference to the amount due by F. C. Smith and his wife, Annie B. Smith, to Nell Ray Carlton growing out of the control and management of the property and moneys received and expended incidental thereto. The letter of Doyle E. Carlton to Frank Smith is dated June 10, 1937, and a reply thereto by Smith to Carlton is dated June 22, 1937. Mrs. White was Secretary to Doyle E. Carlton and identified the letters and typed a stated account as agreed upon between Carlton and Smith and this statement appears in the record. The testimony of Mrs. White and Doyle E. Carlton as to his account as stated and agreed upon during the month of June, 1937, is not discredited in whole or in part. This agreement in effect was that Smith was to be charged rents for the apartment occupied by Smith and wife from 1929 through May, 1934, and the sum credited to Mrs. Nell Ray Carlton's account. Objections to the admissibility of the written and oral testimony bearing on the point were sustained in the lower court, and it is contended here that the ruling was erroneous.

The reasons assigned for the ruling were (1) the plaintiff's claim was not a part of any mutual, open or current account existing between the cotenants; (2) that the account stated was between Smith and Carlton; (3) that the cotenants did not agree to the stated account; (4) that the account stated was barred by the statute of limitations; (5) F. C. Smith, husband of Annie B. Smith, was not authorized to bind her by the account stated; (6) that the stated account agreement was not embraced in the pleadings.

Counsel for appellees contend that this ruling of the lower court should be sustained under Sections 63.35 and 95.11, Fla. Stats. 1941 (FSA); Lovett v. Lovett, 93 Fla. 611, 112 So. 768; Lumpkin v. Brown, 96 Fla. 662, 119 So. 113, and similar cases. The answer to this contention is that it is always desirable to prevent a cross action when full and complete justice can be done in a single suit by applying the doctrine of recoupment. It is on this ground that the courts have been disposed to extend to the greatest length compatible with the legal rights of the parties this principle of recoupment. See Payne v. Nicholson, 100 Fla. 1459, 131 So. 324; Lang v. Quaker Realty Corp., 131 Fla. 179, 179 So. 144.

To the plaintiff's (appellant here) bill of complaint praying for a partition of the property jointly owned by the parties, the defendant (appellee here) filed an answer which contained a counter claim. The affirmative relief sought by defendant was the enforcement of a lien on the one-half interest in the property of the plaintiff. The asserted lien was for moneys paid by the late F. C. Smith for the use and benefit of the Nell Ray Carlton's one half interest in the property owned by her and the Smiths. The claims or items forming the basis of the lien embraced a period of that time that F. C. Smith and his wife, Annie B. Smith, were tenants in the Carlton Apartments, and the statement of indebtedness failed to include money due as rents by them to the Carltons during the period the Smiths occupied the Carlton Apartments.

Plaintiffs then by an appropriate pleading in reply to the defendant's answer and counter-claim denied the existence of a lien against the Nell Ray Carlton interests because F. C. Smith did not pay out money for its use and benefit. That in the event an accounting for rents were allowed to the Carltons as due by the Smiths a favorable balance to the Carltons would exist. It appears that Smith acted as agent for his wife and Carlton for his wife, Nell Ray Carlton. It is established by the record that an account stated existed between the parties growing out of the management of the apartments and is therefore within the provisions of Section 63.35, Fla. Stats. 1941 (FSA). The agreement reached was reduced to writing and therefore became a stated account during June,

1937, whereby the several items were agreed to by Smith and Carlton while acting for themselves and their wives respectively. The account stated, when considered in connection with other stated items in the record, is not barred by the statute of limitation, nor is it discredited by any other testimony.

If the appellee is permitted to assert a counter-claim and enforce a lien therefor based on transactions handled by F. C. Smith, her husband now deceased, with Doyle E. Carlton, then the plaintiff, being an assignee of the Carlton interests, should be permitted and allowed to show by competent evidence errors or mistakes, if any, in the handling of the several items by the late F. C. Smith. The agreement reached during the month of June, 1937, between Doyle E. Carlton and F. C. Smith acting as agents for their respective wives, as testified to by Mrs. Winnie White and Doyle E. Carlton and the several exhibits so offered in the court below in support of the agreement so reached, is clearly admissible. .

We therefore conclude for the reasons pointed out *supra* that the decree appealed from should be reversed with directions for further proceedings in the lower court not inconsistent with the views herein expressed.

TERRELL, BUFORD and ADAMS, JJ., concur.

24 So. (2nd) 518             January Term, 1946
January 18, 1946                  Division A