SHANNON, Chief Judge.
Appellant, plaintiff below, seeks review of 'a partial final decree dismissing his amended complaint with prejudice.
Action was commenced below by filing of complaint against Appellee City and its auditor and clerk, plaintiff asserting title to certain lots in the City of Wildwood. It was alleged that plaintiff had tendered sums necessary for the redemption of outstanding tax certificates on the lots. Plaintiff also sought to enjoin the tax sale about to be conducted by Wildwood officials. The sale was enjoined by order entered prior to the filing of the complaint.
Subsequently, sale was held by Mrs. Strickland, the city clerk, selling these lands to several people, all of whom subsequently conveyed their interests to the appellees here, the Wines.
Plaintiff then commenced a subsequent suit to set aside the tax sale and the deeds issued and seeking to hold the city officials in contempt for disregard of the injunction. The suits were consolidated. Defendants answered asserting the invalidity of the injunction because it was issued before suit was filed, and, therefore, before jurisdiction'' was acquired by the court. The court sustained this contention and, in effect, decreed the injunctive order invalid.
Amended complaint was then filed by plaintiff, joining as defendants for the first time, Appellees Wines. The relief sought was, inter alia, the cancellation of the tax deeds.
Another separate suit was thereafter filed by plaintiff seeking relief- similar to that sought in the dismissed case. Defendant-appellees Wines answered and counterclaimed to quiet their title, claiming by mesne conveyances under the tax deeds. Plaintiff then moved for reinstatement of the original action and was joined in his motion by the City and Mrs. Strickland. Over objections of Defendants Wines, the earlier action was reinstated and consolidated with the later suit, and the answer and counterclaim of the Wines were treated as directed to the amended complaint in the earlier case.
Hearing was held on the limited issues made by the amended complaint and answer and the chancellor entered the decree appealed in which plaintiff was denied the relief sought and the validity of the tax deeds through which Appellees Wines claim title was affirmed.
The facts appear to be essentially these: Tax certificates for unpaid 1955 city taxes were outstanding on the property and the holder of these certificates voluntarily paid city taxes for 1956 and 1957 before they became delinquent. Fie therefore did not obtain certificates for the taxes for those years. The tax sale was scheduled for July 7, 1958. When the plaintiff learned of the proposed tax sale he contacted the City Tax Collector to determine the sums required to redeem the property. He thereupon proceeded to acquire title to the property from the owners by deed dated June 17, 1958. At the time he first contacted the City Clerk the plaintiff was advised that under the city charter he would have to pay the amount due on the tax certificate for 1955 *906 city taxes and would in addition have to pay the 1956 and 1957 taxes. No tender was made to the City Clerk.
After the property was sold at the tax sale and deed issued, the plaintiff brought contempt proceedings against the City and the Clerk, but the chancellor below held “that the tax sale by the defendants Sought to be enjoined was held on July 7, 1958, and that although the complaint herein was presented to this Court by counsel for the parties on July 3, 1958, that this action was not filed with the clerk of this Court and the Order which the defendants are sought to be adjudged in contempt for disobeying was not signed and filed with the Clerk of this Court until July 11, 1958, and that this action was not commenced until July 11, 1958, and that the defendants should not therefore [be] held to be in contempt, and plaintiff having requested leave to amend his complaint herein, and the Court being fully advised in the premises, upon consideration, it is ORDERED that the Motion for Rule to Show cause be and the same hereby is denied, and that the defendants be and they hereby are adjudged not to be in contempt and hereby are discharged, * * * ” There are several suits which the chancellor consolidated, but for an answer to the question involved herein we are relegated to the narrow issue of whether or not the plaintiff by his offer to pay only the amount of the outstanding tax certificates without also offering to pay the amount of the intervening years’ taxes made such a tender of payment as to effect the redemption of the land and thus to effect the validity of the subsequent tax sale and tax deeds under which the appellees claim title. That the chancellor was correct in not finding the City of Wildwood and the City Clerk in contempt is well justified by the cases of State ex rel. Landis v. City of Auburndale, 1935, 121 Fla. 336, 163 So. 698, and Young v. Victory, 1933, 112 Fla. 66, 150 So. 624, for the reason that the complaint which sought to enjoin the tax sale was not filed with the clerk of the court until after the sale was held.
 The Charter of the City of Wild-wood, Chapter 57-1950, Laws of Florida 1957, Sec. 73.07, provides that, to redeem lands from tax deed lien application, the city clerk and auditor must be paid “the amounts required to redeem the tax sale certificates and subsequent and omitted taxes, * * * ” All through the charter dealing with this general subject is language which is particularly helpful in construing Sec. 73.07. In Sec. 73.09, dealing with the purchase of tax sale property by other than a certificate holder is a provision that “the city auditor and clerk shall forthwith pay back to the certificate holder the amounts required to redeem the certificates and subsequent and omitted tax liens, * * * ” Similarly, Sec. 73.08, governing the tax sale provides “[t]he amounts required to redeem the tax certificate and subsequent and omitted taxes” shall be considered as a bid of the certificate holder who is not required to be present to announce that bid where no higher bids are made. Before the enactment of the present charter, Chapter 27982, Laws of Florida 1951, contained amendments to the earlier charter and incorporated by reference the provisions of general law on the subject. Sec. 194.22, Fla. Stat., F.S.A., directs that where the sale is made to one other than the certificate holder the clerk shall pay first out of the proceeds of sale “all of the sums (the certificate holder) has paid, including the amount required for the redemption of the certificate * * * together with any and all subsequent unpaid taxes * * * ” The courts of Florida have consistently held that equity will not permit the owners to take advantage of payments necessarily made by a certificate holder to preserve the lien of his certificate. Banks v. Shaw, 1940, 144 Fla. 550, 198 So. 341; and Hyland v. Rodney, 1939, 142 Fla. 319, 195 So. 574.
We conclude that the decree should be affirmed.
KANNER, J., and SCOTT, CHARLES R., Associate Judge, concur.