COPE, Judge.
Arlene and Viola Santana appeal an order dismissing their complaint with prejudice. We affirm in part, reverse in part, and remand for further proceedings.
The trial court’s order states in part:
1.By their Complaint, the Plaintiffs challenge the right of the Dade County Tax Collector and Clerk of the Court to collect delinquent real estate taxes levied against the subject property for 1989,1990 and 1991. The subject property consists of Unit 45, 1042 West 79 Street, Hialeah, Florida, and is described by folio number 04-2025-062-0110. As alleged in the Complaint, an application for tax deed was filed with respect to the subject property, in January 1993. In response thereto, the Tax Collector advised the Plaintiffs, on January 15, 1993, that as a result of the pending tax deed application 1989, 1990 and 1991 taxes in the amount of $4,740.52 were due.
2. This tax deed application was based on the 1989 taxes which had become delinquent on April 1,1990, and the subject of a tax certificate in June 1990. The 1990 and 1991 taxes on the subject property were also delinquent and unpaid.
3. Subsequent to the January 15, 1993 notice of application for tax deed, the Plaintiffs, on January 26, 1993, attempted to pay the delinquent 1989 taxes. The County did not accept this payment.
4. In accordance with the pertinent provisions of the Florida Statutes and Department of Revenue Regulations, the Defendants acted properly in requiring payment of 1989, 1990 and 1991 taxes subsequent to the receipt of a tax deed application on the subject property. The Plaintiffs have no lawful basis to challenge this demand for payment.
5. Pursuant to Section 197.502(2), Fla. Stat., any certificate holder who makes application for a tax deed is required to pay in conjunction with the tax deed application, “all amounts required for redemption or purchase of all other outstanding tax certificates plus interest, delinquent taxes plus interest and current taxes, if due, covering the land.” Moreover, the amount advanced by the tax deed applicant with other costs, fees and interest becomes the opening bid at any subsequently scheduled tax deed sale.
6. As stated in Department of Revenue Rule 12D-13.055(1), “anyone desiring to redeem property from a tax deed application may do so by paying to the tax collector all costs and fees that the applicant paid plus the amount necessary to redeem all of the tax certificates in the possession of the applicant.”
In this case the County followed Department of Revenue Rule 12D-13.055(1) and determined that the taxpayers must pay all of the amounts paid by the certificatehqlder, including the taxes for 1989, 1990, and 1991. The taxpayers contend that they only need pay the taxes for 1989, and that Rule 12D-13.055(1) is inconsistent with the applicable portions of chapter 194, Florida Statutes (1993). We disagree.
*119 In our view the Department’s interpretation of the statute is logical and entirely in accordance with law. Plainly the redeeming taxpayer is to be the source of the funds for the clerk to repay “the certificate holder all of the sums he [the certificate holder] has paid, including ... any and all subsequent unpaid taxes.” § 197.582(1), Fla.Stat. (1993). The statutory notice of the application for tax deed warns that the property will be sold “unless the back taxes are paid.” Id. § 197.-522(l)(b). Subsection 197.472(1) provides that upon redemption, the redeeming person “shall pay all taxes, interest, costs, charges, and omitted taxes, if any, as provided by law.” “The courts of Florida have consistently held that equity will not permit the owners to take advantage of payments necessarily made by a certificate holder to preserve the lien of his certificate.” Jarrell v. City of Wildwood, 149 So.2d 904, 906 (Fla. 2d DCA 1963). We entirely agree with the trial court that the Department of Revenue regulation is valid, and the taxpayers’ primary point on appeal is without merit.
The taxpayers contend that the trial court’s entry of judgment was premature with respect to counts 2 and 3 of the complaint, which allege that the County’s computation of interest was not in accordance with law. We agree with the trial court that counts 2 and 3 of the complaint do not sufficiently allege a cause of action, but we conclude that the taxpayer should have leave to amend. There appears to have been some confusion about whether the taxpayers were inviting entry of a final order with respect to count 1 only,[1] or with respect to the entire case. As we view the transcript, the taxpayers only invited entry of a final order as to count 1, given that count 1 entailed only an issue of law as to which it would be futile to replead. It does not appear that there was such a concession with respect to counts 2 and 3.
The County argues alternatively for affirmance under authority of section 194.-171(3) — (6), Florida Statutes (1993). However, the cited portion of section 194.171 relates to a challenge to a tax assessment. Here, the taxpayer does not challenge the assessment. The litigation is directed toward the amounts required for redemption of the property.
The County also relied on Article VII, section 13 of the Florida Constitution as barring relief. Article VII, section 13 provides, “Until payment of all taxes which have been legally assessed upon the property of the same owner, no court shall grant relief from the payment of any tax that may be illegal or illegally assessed.” Article VII, section 13 is substantially similar to the predecessor provision contained in Article IX, section 8 of the Florida Constitution of 1885. Under the decided eases, the constitutional provision is not jurisdictional. See Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806, 808 (Fla.1964) (“[T]he Constitution merely precludes the granting of any relief until the legally assessed taxes are paid. The Constitution does not interject a condition to the filing of the suit.”);[2] Pickett v. Russell, 42 Fla. 116, 131-32, 28 So. 764, 769 (1900) (Article IX, section 8, Fla. Const. 1885 does not “require[] payment of taxes legally assessed as a prerequisite to beginning proceedings for relief against illegal taxes, but ... such payment must be made before the applicant is relieved from the illegal tax.”).
The final order is affirmed with respect to count 1. The remainder of the final order is reversed, and the cause remanded for further proceedings consistent herewith.
Affirmed in part, reversed in part, and remanded.

. We express no view on whether an order on count 1 would have been appealable.

. The rule is otherwise where subsections 194.-171(3)-(6) apply. See Adler-Built Indus., Inc. v. Metropolitan Dade County, 231 So.2d 197 (Fla.1970) (construing predecessor to § 194.171); Millstream Corp. v. Dade County, 340 So.2d 1276 (Fla. 3d DCA 1977) (same).