State, *ex rel.* West Lake Investment Co. v.
E. R. Bennett, Clerk Circuit Court.

151 So. 52.

Opinion Filed November 23, 1933.

C. H. Landefield, Jr., for Relator;

Rogers & Morris, for Respondent;

Cary D. Landis, Attorney General, and H. E. Carter, J. V. Keen and Robert J. Pleus, Assistant Attorney Generals, as Amici Curiae.

WHITFIELD, J.—In mandamus proceedings the relator alleges that he purchased lands at a tax sale in October, 1933, for unpaid State and county taxes for the year 1932, for which sale a tax sale certificate is issued, and then applied to the clerk of the circuit court to purchase a tax sale certificate held by the State issued in September 1931, for unpaid taxes of 1930; that the clerk refused to sell the 1931 certificate to the relator. By return or answer the respondent clerk avers that he refused to sell the 1931 tax sale certificate because he is forbidden to do so by Section 1, Chapter 16252, Acts of 1933, known as the Futch Bill. The relator moves for a peremptory writ notwithstanding the return.

The question presented is whether a purchaser of land at a tax sale in 1933 for unpaid State and county taxes for the year 1932, may under the Futch Law, Chapter 16252, Acts of 1933, purchase a tax sale certificate held by the

State for unpaid taxes of 1931 or prior years after the two-year redemption period has expired, for the purpose of obtaining a tax deed thereon, where such tax sale certificate covers the same land that was purchased at the 1933 tax sale for unpaid taxes of 1932.

Chapter 16252, known as the Futch law, provides that between June 2, 1933, and July 1, 1938, no tax sale certificate held by the State for taxes against any real estate for the years 1931 and previous years, shall be sold or transferred to any person other than the actual *bona fide* owner of the fee title to such real estate. Section 1.

During the period from June 2, 1933 to July 1, 1938, the actual *bona fide* owner of the fee title to any real estate against which the State holds any tax certificate or lien for unpaid taxes, may redeem any one or more of such liens upon payment of the amount due for taxes and costs and charges, together with interest at the rate of 5% per annum, etc. Section 2.

All lands against which the State holds any tax certificate or lien for delinquent taxes shall be assessed for taxes for the year 1933 and all subsequent years, in like manner and to the same effect as if no taxes against such lands were delinquent, and the owner shall be permitted to pay the taxes on any such land for any current year beginning with the year 1932, and any subsequent year for which the same may be assessed hereunder in like manner as if no delinquent and upaid taxes existed against any such lands. Section 3.

The provisions contained in Section 1 of this Act, shall on July 1, 1937, be extended for an additional period of fifteen (15) years, as to all land upon which the taxes assessed for the years 1932, 1933, 1934, 1935 and 1936 shall have been paid in full prior to said July 1, 1937. Section 4.

Delinquent taxes on any land included under the pro-

visions of this Act, for the year 1932 and subsequent years, shall be sold in like manner and shall carry the same penalty, interest and charges as are provided by the laws of the State of Florida relating in general to the sale of land for unpaid taxes. Section 5.

Sections 6 and 7 of the Act authorize county and district taxes to be paid by "bonds or matured interest coupons of such county or other taxing district."

Considered as an entirety the statute is designed to afford to owners of real estate the privilege of redeeming their lands from tax liens for unpaid State, county and taxing district taxes for 1931 and prior years, during a limited period of years at a low rate of interest and with the privilege of paying the county and district taxes for the year 1931 and prior years in bonds of the counties and taxing districts within the limits prescribed by the statute, conditioned upon the payment in cash of the State, county and taxing district taxes for the years 1932 and each subsequent year. This primarily contemplates that the State, county and taxing district taxes for the year 1932 and each subsequent year shall be paid in cash before the tax sale is made each year for unpaid taxes for the preceding year; but the statute may fairly and legally be interpreted to also permit the owner to redeem the tax sale certificates at the tax sale for unpaid taxes for the year 1932 and for each subsequent year, by paying in cash the amounts required for redemption by the statutes which were in force prior to the taking effect of Chapter 16252, the Futch law. But should a tax sale certificate be issued to a purchaser at the sale for unpaid taxes for the year 1932, or any one of the subsequent years, or should a tax sale certificate issued to the State for unpaid taxes for the year 1932 or any subsequent year, be purchased from the State, such purchaser may then purchase from the

State through the clerk of the circuit court under the law prior to Chapter 16252, the Futch law, tax sale certificates covering the lands issued to the State for unpaid taxes for 1931 or prior years; and *unless the owner redeems* from the purchaser all tax sale certificates so legally purchased, the purchaser may obtain a deed to the land based on a certificate more than two years old, by duly and fully complying with all the requirements of the statutes for obtaining tax deeds from the clerk of the circuit court, or by authorized appropriate foreclosure proceedings.

When the owner pays the taxes due on land for State, county and taxing district taxes for the year 1932, and each subsequent year, he has and continues to have the privileges given by Chapter 16252, the Futch law, while he pays such taxes before sale for their non-payment.

Likewise where the owner duly and promptly redeems from the State or redeems from a purchaser at the sale or from the State, a tax sale certificate for unpaid taxes upon lands of the owner, issued for taxes for the year 1932 and each subsequent year consecutively, and also redeems all other tax sale certificates held by such purchaser covering the land, such owner may then have the privileges of the Futch law, Chapter 16252, so long as he duly pays the taxes or redeems each year the tax sale certificates issued severally for unpaid taxes for the year 1932 and each succeeding year.

But a purchaser at the sale, or from the State, of a tax sale certificate issued covering lands for unpaid taxes for the year 1932 or any succeeding year, or the assignee of such purchaser may, upon duly acquiring the tax sale certificate for the unpaid taxes of 1932, or any subsequent year, purchase from the State, through the clerk of the circuit court, any and all tax sale certificates for unpaid taxes upon the lands for the year 1931 and prior years that may be

held by the State, upon complying with the statutes in force prior to June 2, 1933, the effective date of the Futch law, Chapter 16252; and upon any such certificate as to which the two-year period of redemption has expired, the purchaser may obtain a deed to the lands from the clerk of the circuit court or by foreclosure proceedings upon full compliance with the statutes in force prior to Chapter 16252, the Futch law, unless the owner redeems the land as required by the statutes prior to Chapter 16252, the Futch law.

A peremptory writ of mandamus will be issued.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.