A. Hazel Dickinson, unmarried, v. State, for the use and benefit of the State and Hillsborough County.

178 So. 291.
Division A.
Opinion Filed January 13, 1938.

*J. Tom Watson,* for Appellant;

*J. W. Cone* and *William E. Thompson,* for Appellee.

Buford, J.—On the 16th day of September, 1932, suit was instituted under the provisions of Chapter 14572, Acts of 1929, to foreclose certain tax sale certificates. It was alleged that A. Hazel Dickinson was the fee simple owner of the property involved.

On the 3rd day of February, 1937, when the suit stood on bill and answer, the answer including a motion to dismiss, A. Hazel Dickinson filed a motion in the Circuit Court for an Order staying further proceedings in the cause upon the ground that she had paid to the Clerk of the Circuit Court the amount of the taxes and costs accruing for the years 1934, 1935 and 1936 and claimed the benefits of the provisions of Chapter 16252, Acts of 1933, as amended by Chapter 17400, Acts of 1935.

The Circuit Court first made an Order staying proceedings and thereafter entered the following Order:

610

"The motion to stay filed as of February 8th, 1937, supported by the receipt of the Clerk of the Circuit Court of February 23rd, 1937, offered in evidence by the defendant, shows that on the said day of February 23rd, 1937, payment of taxes for the years 1934, 1935, and 1936, was tendered and accepted as payment conditioned upon this Court granting the stay requested in the motion.

"The point to be determined is whether or not the defendant has brought herself within the protection of Chapter 16252, Acts of 1933, as amended by Chapter 17400, Acts of 1935, and the construction of Chapter 16252 by the Supreme Court in State v. Butts, 149 So. 746, and State v. Bennett, 151 So. 52. In my opinion, the defendant's tender of payment under date of February 23rd, 1937, is too late, and the protection given her as a taxpayer under Chapter 16252 has been lost, and there being no change in her status as a taxpayer under Chapter 17400, Acts of 1935, in so far as concerns the point under consideration, the motion to stay will have to be and is overruled and denied.

"DONE AND ORDERED at Tampa, Florida, this 5th day of April, A. D. 1937."

From this Order appeal was taken.

The question presented is, as stated by the appellant, as follows:

"Can a suit to foreclose a State and County tax certificate issued for 1929 taxes, be maintained against lands, as to which lands the owner thereof has tendered payment of tax certificates and tax arrearages over same for the years 1934, 1935, and 1936, while such certificate was still owned by the State, when such taxpayer in the making of such tender asks for the benefits of what is known as the Futch Law by the staying of such suit? (Chapter 17400, Acts of 1935, and Chapter 16252, Acts of 1933, Laws of Florida)."

The question is restated by the appellee in the following language:

"Is the owner of lands entitled to an order staying further proceedings in a suit filed under the provisions of Chapter 14572, Laws of Florida, 1929, by the State of Florida to foreclose the lien of a tax sale certificate issued in the year 1929 for the non-payment of State and County taxes for the year 1928 upon any construction of the terms and provisions of Chapter 16252 of the Laws of Florida, 1933, as amended by Chapter 17400, Laws of Florida, 1935, commonly known as 'The Futch Law,' where it appears that the owner of the land failed to pay the State and County taxes duly levied and assessed for the years 1934, 1935 and 1936 when the same became due and payable and before they became delinquent, and it further appearing that on February 23, 1937, the owner delivered a check to the Clerk of the Circuit Court for the amount due for taxes for the years 1934, 1935 and 1936 and was issued a temporary receipt reciting 'official receipts for the payment of these taxes to be issued provided the court will stay further proceedings on suit filed about September 16, 1932, on prior certificates affecting the above described lands.' "

The general principles stated in State, *ex rel.* West Lake Investment Co., v. Bennett, 112 Fla. 835, 151 Sou. 52, and in State, *ex rel.* Dowling, v. Butts, 111 Fla. 630, 149 Sou. 746, are adhered to. However, except as to the determination of the constitutionality and validity of the legislative Acts here involved, these cases are not entirely in point. In the Dowling case Hester Dowling sought to compel the Clerk of the Circuit Court to assign and transfer to her a tax sales certificate. In the Bennett case the Relator in mandamus proceedings alleged that he purchased lands at tax sale in October, 1933, for the unpaid State and County taxes of 1932, for which sale a tax certificate was

issued, and that he then applied to the Clerk of the Circuit Court to purchase a tax sale certificate held by the State issued in September, 1931, for unpaid taxes of 1930. The court held that he was entitled to the privilege of purchasing that certificate.

But, in this case, rights of third parties have not intervened. The defendant in the suit supported her motion by exhibiting therewith receipts issued by the Clerk of the Circuit Court, showing that she had paid taxes for 1934, 1935, and 1936 on the property involved in this foreclosure suit, under the provisions of Chapter 17400, Acts of 1935.

Section 1 of Chapter 16252, 1933, as amended by Chapter 17400, Acts of 1935, is as follows.

"All tax certificates and liens for delinquent taxes on real estate for the year 1933 and all previous years, whether suits for the enforcement thereof are now pending or not, shall, after the expiration of two years from the date of issuance, be held by the State of Florida, without sale or enforcement for and during the period of time beginning with the date upon which this Act shall become effective, and ending with the first day of July, 1938, and during such period no such tax certificate or lien for delinquent taxes held or owned by the State of Florida shall be sold or transferred to any person or persons whomsoever than the actual *bona fide* owner of the fee title to such real estate, provided that nothing herein contained should in any wise repeal or abrogate the requirements of House Bill No. 303 passed at the 1933 Session."

Section 3 of Chapter 16252, *supra,* was amended to read as follows:

"All lands upon which tax certificates are held by the State, as described in Section 1, shall be deemed to have been assessed for taxes for the year 1935 and subsequent years, and certificates shall be deemed to have been issued

to the State for said years, with the same effect as though the taxes had been extended, notices published and certificates issued, but no such certificate shall be issued, except in case of a sale to an individual. The *bona fide* owner of any such land shall be permitted to pay the taxes for the year 1934, or any subsequent year, in like manner as if no delinquent or unpaid taxes existed against said land."

And Section 4 of the Act was amended to read as follows:

"The provision contained in Section 1 hereof shall, on July 1, 1939, be extended for an additional period of 15 years, as to all lands upon which taxes assessed for the year 1934, 1935, 1936, 1937 and 1938 shall have been paid prior to July 1, 1939."

Section 3 as amended provides in terms that: "The *bona fide* owner of any such land should be permitted to pay the taxes for 1934, or any subsequent year, in like manner as if no delinquent or unpaid taxes existed against said land."

It, therefore, follows that when the defendant, appellant here, paid to the Clerk of the Circuit Court the amount of the taxes and costs incident to the assessment for the years 1934, 1935 and 1936 before any tax sale certificates issued upon the sale for either of those years had been issued to or sold and assigned to any individual, she was entitled to the benefits of Chapter 16252 as amended by Chapter 17400, *supra.*

In State, *ex rel.,* v. Bennett, *supra,* we said:

"Considered as an entirety, the statute is designed to afford to owners of real estate the privilege of redeeming their lands from tax liens for unpaid State, County and taxing district taxes for 1931 and prior years, during a limited period of years at a low rate of interest and with the privilege of paying the county and district taxes for the year 1931 and prior years in bonds of the counties and taxing districts within the limits prescribed by the statute,

conditioned upon the payment in cash of the State, county and taxing district taxes for the years 1932 and each subsequent year. This primarily contemplates that the State, county and taxing district taxes for the year 1932 and each subsequent year shall be paid in cash before the tax sale is made each year for unpaid taxes for the preceding year; but the statute may fairly and legally be interpreted to also permit the owner to redeem the tax sale certificates at the tax sale for unpaid taxes for the year 1932 and for each subsequent year, by paying in cash the amounts required for redemption by the statutes which were in force prior to the taking effect of Chapter 16252, the Futch Law. But should a tax sale certificate be issued to a purchaser at the sale for unpaid taxes for the year 1932, or any one of the subsequent years, or should a tax sale certificate issued to the State for unpaid taxes for the year 1932 or any subsequent year be purchased from the State, such purchaser may then purchase from the State through the clerk of the circuit court under the law prior to Chapter 16252, the Futch Law, tax sale certificates covering the lands issued to the State for unpaid taxes for 1931 or prior years; and *unless the owner redeems* from the purchaser all tax sale certificates so legally purchased, the purchaser may obtain a deed to the land based on a certificate more than two years old, by duly and fully complying with all the requirements of the statutes for obtaining tax deeds from the clerk of the circuit court, or by authorized appropriate foreclosure proceedings. When the owner pays the taxes due on land for State, county and taxing districts for the year 1932, and each subsequent year, he has and continues to have the privileges given by Chapter 16252, the Futch Law, while he pays such taxes before sale for their non-payment.

."Likewise, where the owner duly and promptly redeems from the State or redeems from a purchaser at the sale or

from the State, a tax sale certificate for unpaid taxes upon lands of the owner, issued for taxes for the year 1932 and each subsequent year consecutively, and also redeems all other tax sale certificates held by such purchaser covering the land, such owner may then have the privileges of the Futch Law, Chapter 16252, so long as he duly pays the taxes or redeems each year the tax sale certificates issued severally for unpaid taxes for the year 1932 and each succeeding year."

It follows, therefore, that when the showing was made as above referred to, it was sufficient to entitle the defendant to a stay and dismissal of the proceedings to enforce the lien evidenced by a tax sale certificate issued in 1930 upon sale for the delinquent taxes of 1929.

The order appealed from should be and is reversed with directions that the cause be remanded and an order entered not inconsistent with the views herein expressed.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.