MARGARET CULMER, a widow, and RONALD CULMER v. OFFICE REALTY COMPANY

189 So. 52.
Opinion Filed May 16, 1939.

676

*R. B. Gautier,* for Appellants;

*Stanley C. Myers* and *Odell Kominers,* for Appellee.

WHITFIELD, P. J.—This appeal is from orders striking parts of an answer to a bill of complaint in a tax foreclosure suit brought to enforce the lien of a portion of a State and county tax sale certificate No. 6779, covering "Lot 3 of Home Addition to Miami, a re-subdivision of Erickson's Subdivision, as per plat thereof recorded in Plat Book B, Page 124, of the Public Records of Dade County, Florida." It is alleged that the tax sale certificate was issued to the State July 2, 1934, at a tax sale for the unpaid taxes for the year 1933, and that the portion of said certificate No. 6779, as above described and called Parcel No. 3, was purchased by the plaintiff on November 6, 1936, the consideration paid by plaintiff included State and County taxes on said Parcel No. 3 for the years 1933 to 1936, inclusive, together with interest and Clerk's fees.

A portion of the defendants' answer which was stricken is as follows:

"That by virtue of Section 1, Chapter 17400, Acts of 1935, said tax certificate No. 6779, Plaintiff's Exhibit No. 5" (tax sale certificate No. 6779) "was not on November 6, 1936, and is not now subject to sale by the Clerk of the Circuit Court, in and for Dade County, Florida, to plaintiff, under the allegations of said bill, and that said sale as shown to plaintiff, Exhibit No. 6, was *ultra vires,* null, void, of no force, virtue or binding effect.

"That said certificate No. 6779 when issued on July 2, 1934, was issued against the homestead as hereinbefore set forth, and for State and County taxes for the year 1933; that under the terms of Section 1, Chapter 15053, Acts of

the Legislature of 1931, said certificate No. 6779 was not when purchased by plaintiff, is not now, and will not be, subject to foreclosure, until after July 2, 1938. That in case the Court shall find said certificate No. 6779 or any part thereof valid in the hands of plaintiff, the defendants as a matter of equity offer to pay the same."

The appellants present the following:

## "Questions Involved

### "First Question

"Is that part of Section 1 of Chapter 15053, of the Acts of 1931, reading as follows: 'That no suit shall be brought on any tax sale certificate upon any homestead until after the expiration of four years from the date of such certificate,' repealed by Section 1 of Chapter 17442, Acts of 1935?

"The lower court answered this question in the affirmative.

### "Second Question

"Is Section 1 of Chapter 17442, Acts of 1935, retroactive and does the repeal therein contained affect Tax certificates issued prior to the repealing Act?

"The lower court answered this question in the affirmative.

### "Third Question

"Did the State have the right to sell the tax certificate sued on after the same was issued to the State and held by it for more than two years after its date prior to July 1st, 1938, as provided in Section 1 of Chapter 17400, Acts of 1935?

"The lower court decided this question in the affirmative."

Section 13 of Chapter 14572, Acts of 1929, as originally enacted, read:

"Any holder of a certificate of tax sale or a tax deed therefor, whether heretofore or hereafter issued, including the State of Florida, is hereby authorized on and after January 1st, 1930, to file a bill in chancery to foreclose the lien of such certificate or deed, and the practice pleading and procedure for foreclosure shall be in accordance with the practice, pleading and procedure for foreclosure of mortgages on real estate, except as herein otherwise provided and except that no personal judgment shall be given. No suit shall be brought on any tax sale certificate until after expiration of two years from the date of the certificate nor shall the State commence any such suit before the time hereinafter provided for such suit by the State."

Chapter 15053, Acts of 1931, under an appropriate title reproduced Section 13 of Chapter 14572 and added thereto the following:

"Provided, however, that no suit shall be brought on any tax sale certificate upon any homestead until after the expiration of four years from the date of such certificate."

Section 1 of Chapter 17442, Acts of 1935, expressly repealed Section 13 of Chapter 14572 of the Acts of 1929, but did not refer to Chapter 15053, Acts of 1931, which had amended said Section 13, Chapter 14572, Acts of 1939, as above stated.

The result of the above stated enactments is that Chapter 15053, Acts of 1931, amended Section 13, Chapter 14572; and later Chapter 17442, Acts of 1935, repealed Section 13, Chapter 14572, as amended by Section 1, Chapter 15053.

When Section 1 of Chapter 15053, Acts of 1931, became effective, it in law superseded and took the place of Section 13, Chapter 14572, as originally enacted; and Section 1, Chapter 15053, being in law Section 13 of Chapter 14572, when Section 1 of Chapter 17442, Acts of 1935, was en-

acted, such Section 13, Chapter 14572, was repealed by Section 1, Chapter 17442, Acts of 1935.

Section 1 of Chapter 17400, Acts of 1935, is as follows:

· "Section 1. That Chapter 16252, Laws of Florida, 1933, be amended, by amending Section 1 thereof so as to read as follows:

"Section 1. All tax certificates and liens for delinquent taxes on real estate for the year 1933 and all previous years, whether suits for the enforcement thereof are now pending or not, shall, after the expiration of two years from the date of issuance, be held by the State of Florida without sale or enforcement for and during the period of time beginning with the date upon which this Act shall become effective, and ending with the first day of July, 1938, and during such period no such tax certificate or lien for delinquent taxes held or owned by the State of Florida shall be sold or transferred to any person or persons whomsoever than the actual bona fide owner of the. fee title to such real estate provided that nothing herein contained should in any wise repeal or abrogate the requirements of House Bill No. 303 passed at the 1933 Session."

When lands are sold under the statutes for the non-payment of taxes due thereon, the tax collector issues to purchasers at the sale tax sale certificates which evidence a potential sale and purchase of the described lands, and also are evidence of amounts that are past due and payable to the State and to other taxing units, for *ad valorem* taxes that had been levied and assessed pursuant to law upon described lands for stated years. The statute creates a lien upon the lands for the taxes of each year. If there are no bidders at the sales the tax collectors are required by statute to bid in the lands for the State and the certificates are issued in the name of the State Treasurer. The certificates so issued to the State are held for sale or re-

demption, the proceeds to be duly apportioned to the State and other taxing units to which the unpaid taxes are due and payable.

When the tax sale certificates are issued at the tax sales to private purchasers who pay the amounts due as taxes and costs; or when such certificates are issued to, and afterward are duly transferred by, the State to private parties, the rights of such private purchasers are governed by the law in force at the time the tax sale certificates are issued to them or to their assignors at the tax sale or at the time the State transfers the certificates to private purchasers.

The rights of owners of the lands or others who have a legal or valid interest to redeem the lands from the tax liens are governed by the law in force when the certificates are issued or when they are transferred to private parties. When the tax sale certificates are held by the State, more favorable conditions than those given by statute when the certificates were issued at the tax sale may be afforded by statute to those who have a right to redeem. But where, after the tax certificates are issued to the State at the tax sales, statutes give more favorable terms for redeeming lands sold for non-payment of taxes while the tax sale certificates are held by the State, such more favorable terms may be changed or withdrawn by statutes before redemptions are made under the more favorable statutory terms, when the tax sale certificates are held by the State and not by private parties who, or whose assignors, purchased the certificates at the tax sale, or from the State after the certificates at the tax sale, or from the State after the certificates had been issued to the State.

In so far as Section 1 of Chapter 17400, Acts of 1935, amending Section 1 of the Futch Act, Chapter 16252, Acts of 1933, purports to forbid the sale during a period of years of State tax sale certificates held by the State covering

lands upon which subsequent taxes have not been paid, without providing for any compensating consideration, the enactment is inoperative because such operation would violate Section 1, Article IX, and Sections 6, 8, 10, and 17 of Article XII of the Florida Constitution. The redemption and sale of tax sale certificates held by the State constitute a part of the system for the collection of taxes for State, county and school purposes which the Constitution requires to be uniform and to be annually levied and collected. See State v. Butts; Ragan v. Peacock, 111 Fla. 630, 149 So. 746; State v. O'Quinn, 114 Fla. 222, 154 So. 166. Such tax sale certificates cover unpaid annual State, county, school and district taxes. In this case subsequent taxes have not been paid as contemplated by the Futch Act, Chapter 16252, Acts of 1933, and amendments, and without payment of subsequent taxes and without any other compensating consideration afforded by law, the arbitrary prohibition of the sale of the certificates for a period of years destroys the uniformity required for State and county taxation, and prevents collections of annual tax levies that are required by the Constitution, and denies equal protection of the laws to those who pay taxes when they become due. State v. Hoy, 112 Fla. 526, 151 So. 1.

The tax sale certificate in this case was issued to the State July 2, 1934, for the taxes of 1933, and the portion thereof that is involved here was purchased from the State November 6, 1936, after Section 13 of Chapter 14572, Acts of 1929, as amended by Section 1 of Chapter 15053, Acts of 1931, was reepaled by Chapter 17442, Acts of 1935. In purchasing a portion of tax sale certificate No. 6779, issued July 2, 1934, the consideration paid therefor included State and county taxes for 1934, 1935 and 1936.

Chapter 17400, Acts of 1935, cannot legally operate upon the tax sale certificate in this case, the taxes due and unpaid

on the land for the years 1934, 1935 and 1936 for State, county and school taxes not having been paid by the landowners when such taxes become due.

The owner of the land covered by the tax sale certificate in this case did not pay the taxes due for subsequent years as required by the Futch Act, and the benefits of the Futch Act, Chapter 16252, Acts of 1933, and the amendments thereto cannot be claimed, if the subsequent taxes are not paid as required by Chapter 16252, even though the lands were not assessed for subsequent years and no tax sale certificates were issued to the State for the non-payment of taxes for such subsequent years. Payment of taxes for subsequent years was a condition precedent to a continuance of the statutory provisions for postponing sales of tax sale certificates held by the State, the postponement being for the benefit of the landowners. State v. Bennett. 112 Fla. 835, 151 So. 52; State v. Hoy, 112 Fla. 526, 151 So. 1.

The suit being to enforce a lien for taxes on land, the owner may redeem by paying the proper amounts. See Lang v. Quaker Realty Corp., 131 Fla. 179, 179 So. 144; Smith v. Lindsay, 133 Fla. 306, 182 So. 910.

Affirmed.

TERRELL, C. J., and BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J. concur in conclusion.