# Third District Court of Appeal

## State of Florida

Opinion filed March 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-888
Lower Tribunal No. 10-43814
_____


**Morris A. Ashear,**
Appellant,

vs.

**Seth Sklarey,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

P.A. Bravo, P.A., and Paul Alexander Bravo; Matthew Estevez, P.A., and Matthew Estevez, for appellant.

Michael A. Vandetty, P.A., and Michael A. Vandetty, for appellee.


Before SUAREZ, LAGOA, and SCALES, JJ.

LAGOA, J.

ON MOTION FOR APPELLATE ATTORNEY'S FEES AND COSTS

Appellant, Morris A. Ashear ("Ashear"), seeks appellate attorney's fees and costs pursuant to Florida Rule of Appellate Procedure 9.400 and section 197.602(2), Florida Statutes (2017), in connection with his appeal from a final judgment vacating and setting aside a tax deed in Ashear v. Sklarey, 43 Fla. L. Weekly D181 (Fla. 3d DCA Jan. 17, 2018). We deny the motion.

Appellee, Seth Sklarey ("Sklarey"), owned property located in Coconut Grove, Florida. A tax certificate issued on the property, and a tax deed auction for the property occurred on August 5, 2010. Ashear was the successful bidder, and a tax deed issued to Ashear the following day. On August 12, 2010, Sklarey filed a complaint against Ashear and others, seeking to set aside the tax deed issued to Ashear. The matter proceeded to trial, and the trial court entered final judgment vacating and setting aside the tax deed issued to Ashear. Ashear appealed to this Court, raising the following three issues: (1) whether the trial court's factual findings were supported by the evidence presented at trial; (2) whether "the trial court's erroneous legal conclusion resulted from its application of the wrong legal standard"; and (3) whether the trial court erred in failing to require Sklarey to reimburse Ashear the amount paid for the tax deed and interest from the date the tax deed was issued as required by section 197.602. This Court affirmed the final judgment in part, finding that the trial court's findings of fact were supported by competent, substantial evidence and that the trial court applied the correct legal

standard, and reversed in part, finding that Ashear was entitled to reimbursement from Sklarey. See Ashear, 43 Fla. L. Weekly at D181.

Ashear now seeks appellate attorney's fees and costs under the current version of section 197.602(2), which provides that "[i]n an action to challenge the validity of a tax deed, the prevailing party is entitled to all reasonable litigation expenses, including attorney's fees."[1] We find no entitlement to attorney's fees

[1] Section 197.602, Florida Statutes (2017), states in its entirety:

> (1) If a party successfully challenges the validity of a tax deed in an action at law or equity, but the taxes for which the tax deed was sold were not paid before the tax deed was issued, the party shall pay to the party against whom the judgment or decree is entered:
>
> (a) The amount paid for the tax deed and all taxes paid upon the land, together with 12 percent interest thereon per year from the date of the issuance of the tax deed;
>
> (b) All legal expenses in obtaining the tax deed, including publication of notice and clerk's fees for issuing and recording the tax deed; and
>
> (c) The fair cash value of all maintenance and permanent improvements made upon the land by the holders under the tax deed.
>
> (2) In an action to challenge the validity of a tax deed, the prevailing party is entitled to all reasonable litigation expenses, including attorney's fees.
>
> (3) The court shall determine the amount of the expenses for which a party shall be reimbursed. The tax deed holder or anyone holding under the tax deed has a prior lien on the land for the payment of the expenses that must

3

and costs as the version of section 197.602 in force at the time the tax sale certificate issued did not contain any provision for an entitlement to attorney's fees to the prevailing party in an action challenging the validity of the tax deed. As the Florida Supreme Court explained in Culmer v. Office Realty Co., 189 So. 52, 54 (Fla. 1939):

> When the tax sale certificates are issued at the tax sales to private purchasers who pay the amounts due as taxes and costs, or when such certificates are issued to, and afterward are duly transferred by, the State to private parties, **the rights of such private purchasers are governed by the law in force at the time the tax sale certificates are issued to them** or to their assignors at the tax sale or at the time the State transfers the certificates to private purchasers.

(emphasis added); see also Holliday v. Wade, 117 F.2d 154, 157 (5th Cir. 1941). Unlike the current version of the statute, the 2010 version of section 197.602 did not provide for an entitlement to attorney's fees to the prevailing party in an action challenging the validity of the tax deed.[2] Subsection (2), providing for entitlement

---

be reimbursed to such persons.

[2] In its entirety, the 2010 version of section 197.602 read as follows:

> If, in an action at law or in equity involving the validity of any tax deed, the court holds that the tax deed was invalid at the time of its issuance and that title to the land therein described did not vest in the tax deed holder, then, if the taxes for which the land was sold and upon which the tax deed was issued had not been paid prior to issuance of the deed, the party in whose favor the judgment or decree in the suit is entered shall pay to the

to attorney's fees, was added to section 197.602 in 2011, and became effective on July 1, 2011. Because the tax deed was issued to Ashear on August 6, 2010, the 2010 version of the applicable statute governs. Accordingly, Ashear is not entitled to an award of attorney's fees and costs pursuant to section 197.602, effective at the time the tax sale certificate was issued.

Moreover, even if the current version of section 197.602(2) were applicable here, Ashear would not be entitled to attorney's fees as he is not the prevailing party on appeal. In <u>Moritz v. Hoyt Enterprises, Inc.</u>, 604 So. 2d 807, 810 (Fla. 1992), the Florida Supreme Court defined the prevailing party for purposes of attorney's fees and costs as "the party prevailing on the significant issues in the litigation." Where appellate litigation ends in a "tie," with each party prevailing in

---

party against whom the judgment or decree is entered the amount paid for the tax deed and all taxes paid upon the land, together with 12-percent interest thereon per year from the date of the issuance of the tax deed and all legal expenses in obtaining the tax deed, including publication of notice and clerk's fees for issuing and recording the tax deed, and also the fair cash value of all permanent improvements made upon the land by the holders under the tax deed. The amount of the expenses and the fair cash value of improvements shall be ascertained and found upon the trial of the action, and the tax deed holder or anyone holding thereunder shall have a prior lien upon the land for the payment of the sums.

§ 197.602, Fla. Stat. (2010).

part and losing in part on the "significant issues," it is appropriate to deny a motion for appellate fees. See Loy v. Loy, 904 So. 2d 482, 484 (Fla. 3d DCA 2005).

Here, Ashear failed to prevail on two separate and significant issues. Specifically, Ashear failed to prevail on the following issues: (1) whether the trial court's findings were contrary to the evidence (both testimony and documents) presented at trial; and (2) whether the trial court's "erroneous legal conclusion resulted from its application of the wrong legal standard" under section 197.122, Florida Statutes (2010), and section 197.472, Florida Statutes (2010). Ashear prevailed on appeal only with regard to his argument that he was entitled to reimbursement for the purchase price of the property along with interest. Because this Court affirmed the trial court's judgment vacating the tax deed, and reversed on only one of the issues raised by Ashear, he cannot be considered the prevailing party on the "significant issues" and is therefore not entitled to attorney's fees on this basis as well. Accordingly, we deny Ashear's motion for appellate attorney's fees and costs.

Motion denied.